IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02383-WJM-MJW

TEWODROS G. JEMANEH,

Plaintiff,

v.

THE UNIVERSITY OF WYOMING, et al.,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 51) is DENIED for the following reasons.  Plaintiff's original Complaint (Docket No.1) is 118 pages long and includes 428 number paragraphs.  Plaintiff now seeks leave to file a first amended complaint (Docket No. 51-1 through Docket No. 56-2).  The proposed first amended complaint is 239 pages long and includes 1069 numbered paragraphs.  In addition, plaintiff has attached close to 1000 pages of exhibits to the proposed first amended complaint.

      Pursuant to Rule 8, "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In addition, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Significantly, Rule 8(a) establishes "a ceiling (the complaint must be no more than 'a short and plain statement')" and not "a floor (the complaint must at least be a 'short and plain statement')." Frazier v. Ortiz, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (unpublished) (citing New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir.1957)).  The complaint is not the proper document for the plaintiff to adduce all of the evidence or to argue fully the claims. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002).

      The court finds that plaintiff's proposed first amended complaint fails to comply with Rule 8, and for that reason the subject motion should be denied.  The sheer volume of plaintiff's proposed first amended complaint and its attachments fails to gives defendants fair notice of the basis of the claims against them.  The proposed first amended complaint could fairly be described as prolix and amounting to a rambling narrative.  In its sheer length, plaintiff "has made [his] complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter."

Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007) (finding that an eighty-three page complaint containing 463 paragraphs violated Rule 8) (internal quotation and citation omitted); United States el rel. Garst v. Lockheed-Martin Corp, 328 F.3d 374, 378-79 (7th Cir. 2003) (affirming dismissal of 155 page, 400 paragraph complaint, holding that "[l]ength may make a complaint unintelligible, by scattering and concealing" relevant allegations).

      The finding that plaintiff's proposed first amended complaint violates Rule 8 is consistent with cases involving similarly voluminous, sprawling complaints.  See Mann, 477 F.3d at 1148 (ninety-nine page, 463 paragraph complaint); Frazier, 2007 WL 10765, at *2 (136 page complaint); Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (proposed amended complaint which reduced the number of pages from 151 to seventy-six); Windsor v. Colo. Dep't of Corr., 9 Fed. Appx. 967, 969 (10th Cir. 2001) ("lengthy complaint" containing 504 numbered paragraphs).  Indeed, plaintiff's proposed first amended complaint dwarfs even the lengthiest of these complaints.  Accordingly, the subject motion must be denied.

Date: February 13, 2013