IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02383-WJM-MJW

TEWODROS G. JEMANEH,

Plaintiff,

v.

THE UNIVERSITY OF WYOMING, et al.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that plaintiff's Motion for Leave to File Corrected First Amended Complaint (Docket No. 59) is DENIED for the following reasons.  On February 13, 2013, this court entered an Order (Docket No. 57) denying plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 51).  The court denied plaintiff's motion under Rule 8 noting the proposed Amended Complaint was 239 pages long, included 1069 numbered paragraphs, and had close to 1000 pages of exhibits attached.  Although plaintiff's revised Amended Complaint (Docket No. 59-1) is smaller than the previously proposed Amended Complaint, it still does not comply with Rule 8.  The revised Amended Complaint is 100 pages long, contains 414 numbered paragraphs, and has over 300 pages of exhibits attached.

      Pursuant to Rule 8, "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In addition, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Significantly, Rule 8(a) establishes "a ceiling (the complaint must be no more than 'a short and plain statement')" and not "a floor (the complaint must at least be a 'short and plain statement')."  Frazier v. Ortiz, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (unpublished) (citing New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir.1957)).  The complaint is not the proper document for the plaintiff to adduce all of the evidence or to argue fully the claims.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002).

      The court finds that plaintiff's proposed revised amended complaint fails to comply with Rule 8, and for that reason the subject motion should be denied.  The sheer volume of plaintiff's proposed revised amended complaint and its attachments fails to gives defendants fair notice of the basis of the claims against them.  The proposed

revised amended complaint could fairly be described as prolix and amounting to a rambling narrative. In its sheer length, plaintiff "has made [his] complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007) (finding that an eighty-three page complaint containing 463 paragraphs violated Rule 8) (internal quotation and citation omitted); United States el rel. Garst v. Lockheed-Martin Corp, 328 F.3d 374, 378-79 (7th Cir. 2003) (affirming dismissal of 155 page, 400 paragraph complaint, holding that "[l]ength may make a complaint unintelligible, by scattering and concealing" relevant allegations).

The finding that plaintiff's proposed revised amended complaint violates Rule 8 is consistent with cases involving similarly voluminous, sprawling complaints. See Mann, 477 F.3d at 1148 (ninety-nine page, 463 paragraph complaint); Frazier, 2007 WL 10765, at *2 (136 page complaint); Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (proposed amended complaint which reduced the number of pages from 151 to seventy-six); Windsor v. Colo. Dep't of Corr., 9 Fed. Appx. 967, 969 (10th Cir. 2001) ("lengthy complaint" containing 504 numbered paragraphs).

In addition, the court notes that the amendment of pleadings deadline set forth in the court's Scheduling Order (Docket No. 47) was January 15, 2013. Since the deadline has passed, plaintiff is first required to show "good cause" to modify the scheduling order. See Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001). The court finds that plaintiff has failed to show good cause. In addition, given the current posture of the case and the shear size of plaintiff's Complaint and revised proposed Amended Complaint, the court finds that defendants' would suffer significant prejudice if plaintiff were permitted to amend his Complaint. Accordingly, for the above reasons, the court finds the subject motion should be denied.

Date: April 10, 2013