IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02383-WJM-MJW

TEWODROS G. JEMANEH,

Plaintiff,

v.

THE UNIVERSITY OF WYOMING;
THE UNIVERSITY OF WYOMING COLLEGE OF HEALTH SCIENCES;
THE UNIVERSITY OF WYOMING SCHOOL OF PHARMACY;
TOM BUCHANAN, in his individual and official capacities;
NELL RUSSELL, in her individual and official capacities;
JOSEPH F. STEINER, in his individual and official capacities;
DAVID L. JONES, in his individual and official capacities;
JOHN H. VANDEL, in his individual and official capacities;
BEVERLY A. SULLIVAN, in her individual and official capacities;
JAIME R. HORNECKER, in her individual and official capacities;
JANELLE L. KRUEGER, in her individual and official capacities;
CARA A. HARSHBERGER, in her individual and official capacities;
AMY L. STUMP, in her individual and official capacities;
AGATHA CHRISTIE NELSON, in her individual and official capacities;
KATHLEEN A. THOMPSON, in her individual and official capacities; and
MARIA A. BENNETT, in her individual and official capacities,

Defendants.

---

## RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS (Docket No. 49)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 3)

issued by Judge William J. Martinez on September 11, 2012.

**PLAINTIFF'S ALLEGATIONS**

Pro se plaintiff Tewodros Jemaneh's Complaint (Docket No. 1) contains fourteen

claims for relief.  Claims 1 through 9 allege various violations of 42 U.S.C. § 1983.

Claims 10 and 11 allege violations of 42 U.S.C. § 1985(3).  Claim 12 alleges a violation

of 42 U.S.C. § 1986.  Claim 13 alleges intentional infliction of emotional distress.

Finally, Claim 14 alleges negligent infliction of emotional distress.

## PENDING MOTION

Now before the court for a report and recommendation is Defendants' Motion to

Dismiss (Docket No. 49).  Therein, defendants argue that: (1) plaintiff's § 1983 and §

1985 claims should be dismissed against the University of Wyoming, the University of

Wyoming College of Health Sciences, the University of Wyoming School of Pharmacy,

and all other defendants in their official capacities; and (2) plaintiff's § 1986 claim should

be dismissed as time-barred.

The court has carefully considered plaintiff's Complaint (Docket No. 1), the

motion to dismiss (Docket No. 49), plaintiff's response (Docket No. 61), and defendants'

reply (Docket No. 68).  In addition, the court has taken judicial notice of the court's file,

and has considered the applicable Federal Rules of Civil Procedure and case law.  The

court now being fully informed makes the following findings of fact, conclusions of law,

and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

3

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all

4

reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo.,
154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32
(10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the
tenet that a court must accept as true all of the allegations contained in a complaint is
inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Ashcroft v.
Iqbal, 556 U.S. 662 (2009)).  "Accordingly, in examining a complaint under Rule
12(b)(6), [the court] will disregard conclusory statements and look only to whether the
remaining, factual allegations plausibly suggest the defendant is liable."  Id.

Plaintiff is proceeding pro se.  The court, therefore, reviews his pleadings and
other papers liberally and holds them to a less stringent standard than those drafted by
attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.
2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro
se complaint to less stringent standards than formal pleadings drafted by lawyers).
However, a pro se litigant's conclusory allegations without supporting factual averments
are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935
F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove
facts that have not been alleged or that a defendant has violated laws in ways that a
plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council
of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170,
1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to
round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.
City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not
construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  The plaintiff's pro se status does not entitle him to application of different rules.  <u>Wells v. Krebs</u>, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**1. Eleventh Amendment Immunity**

First, defendants argue that plaintiff's § 1983 and § 1985 claims (Claims 1 through 11) should be dismissed against the University of Wyoming, the University of Wyoming College of Health Sciences, the University of Wyoming School of Pharmacy, and all other defendants in their official capacities.  Defendants argue they have Eleventh Amendment immunity against such claims.

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent."  <u>Hunt v. Colo. Dep't of Corr.</u>, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted).  To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged depravation was committed by a *person* acting under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (emphasis added).   State officials acting in their official capacities are not "persons" acting under color of state law for § 1983 purposes.  <u>McLaughlin v. Bd. of Trs. of State Colls. of Colo.</u>, 215 F.3d 1168, 1172 (10th Cir. 2000).  In addition, the State, or an "arm" of the State, is not considered a "person" for § 1983 purposes.  <u>See</u> <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274 (1977); <u>Hunt</u>, 271 F. App'x at 780 (stating that immunity extends "to state agencies functioning as an arm of the state").

Furthermore, 42 U.S.C. § 1985(3) also expressly provides that only "persons"

may be held liable. The court analyzes immunity under § 1985(3) using the same principles as under § 1983. See Thompson v. State of N.Y., 487 F. Supp. 212, 228 (N.D.N.Y. 1979).

In his response, plaintiff does not directly address defendants' immunity argument. However, plaintiff does state that he mislabeled Claim Four and Claim Five as § 1983 claims when in fact they are claims brought under 42 U.S.C. § 2000d. Plaintiff further states that Claim Seven and Claim Eight are § 1981 claims and not § 1983 claims. Keeping in mind plaintiff's pro se status, and reviewing the claims, the court will accept plaintiff's categorization of Claim Four, Claim Five, Claim Seven, and Claim Eight.

With respect to the University of Wyoming, the University of Wyoming College of Health Sciences, the University of Wyoming School of Pharmacy, the court finds that these defendants are "arms" of the State of Wyoming. See Gressley v. Deutsch, 890 F. Supp. 1474, 1484, 1488 (D. Wyo. 1994). As such, they are immune under the Eleventh Amendment from plaintiff's § 1983 and § 1985 claims (Claims 1, 2, 3, 6, 9, 10, 11).

The court further finds that the remaining defendants are immune under the Eleventh Amendment from plaintiff's § 1983 and § 1985 claims (Claims 1, 2, 3, 6, 9, 10, 11) to the extent those claims are brought against the remaining defendants in their official capacities.

## 2. Statute of Limitations

Next, defendants argue plaintiff's Claim 12, which alleges defendants failed to prevent a conspiracy in violation of 42 U.S.C. § 1986, is barred by the applicable statute of limitations.

7

42 U.S.C. § 1986 states that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action accrued."  Federal law governs the question of accrual in civil rights actions, and thus dictates when the statute of limitations begins to run.  See Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998).  "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Id. (quotation omitted).

Defendants argue that plaintiff's claim accrued, at the latest, upon his termination from the University of Wyoming's School of Pharmacy program on May 13, 2010.  In response, plaintiff argues that his Complaint clearly states that the conspiracy at issue occurred on or about March 16, 2011 "when Defendant Thompson and Harshberger conspired to assign plaintiff a failing midpoint and final failing grade for [plaintiff's] Internal Medicine I rotation."

Even accepting plaintiff's March 16, 2011 date as the date of accrual, it is clear that plaintiff's Claim 12 is time-barred.  Based on the one-year statute of limitations, plaintiff's claim had to have been brought by March 16, 2012.  Plaintiff's Complaint was filed on September 7, 2012.  See Docket No. 1.  Accordingly, plaintiff's Claim 12 is barred by the applicable statute of limitations and should be dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 49) be

**GRANTED IN PART**.  Specifically it is recommended that: (1) Plaintiff's Claims 1, 2, 3,

6, 9, 10, and 11 should be dismissed against the University of Wyoming, the University of Wyoming College of Health Sciences, the University of Wyoming School of Pharmacy; (2) Plaintiff's Claims 1, 2, 3, 6, 9, 10, and 11 should be dismissed against the remaining defendants to the extent those claims are brought against the remaining defendants in their official capacities; and (3) Plaintiff's Claim 12 should be dismissed as time-barred.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 10, 2013                    s/ Michael J. Watanabe
       Denver, Colorado                 Michael J. Watanabe
                                         United States Magistrate Judge