IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

Plaintiff,

v.

THE UNIVERSITY OF WYOMING, et al.,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

  It is hereby ORDERED that Plaintiff's Uncontested Motion to Cancel Court Scheduled Depositions of Defendants and Contested Motion to Reconsider the Court's Order Denying the Plaintiff's Motion to Amend the Scheduling Order (Docket No. 84) is GRANTED IN PART and DENIED IN PART as follows.

  On April 20, 2013, plaintiff filed a Motion to Compel (Docket No. 73) indicating that the parties could not agree on a schedule for plaintiff to depose the various named defendants. On May 5, 2013, the court entered an Order (Docket No. 81) directing the parties to again confer in an attempt to set the depositions. Further, the court set a hearing on the matter and directed the parties to bring their calendars. The court warned that any depositions the parties could not agree on would be set by the court at the hearing.

  On May 15, 2013, the court held the hearing (Docket No. 82) on the disputed depositions. The parties reported that they had not come to an agreement on any of the depositions. The court noted the lack of cooperation between the parties. During the hearing, the parties could not agree on any kind of schedule. Accordingly, the court set the depositions to occur at the Alfred A. Arraj U.S. Courthouse on June 17 through June 21, June 24 through June 28, and July 1. Both parties indicated that they were available on those dates. The court notes that out-of-state defendant deponents were ordered to travel to Colorado; as an accommodation to plaintiff, he was not required to travel to out-of-state locations to conduct any of the depositions.

  Plaintiff now seeks to cancel the depositions, citing health concerns. However, plaintiff provides no documentation, such as a doctor's note, to support his contentions. The court has been more than accommodating in scheduling the depositions. It was

clear to the court at the May 15, 2013 hearing that the parties would never be able to set the depositions without the court's intervention. Although neither side was happy with the depositions schedule, both sides indicated they were available on those dates.

Accordingly, plaintiff's motion is GRANTED insofar as the depositions scheduled for June 17 through June 21, June 24 through June 28, and July 1 are canceled. The depositions will not be reset because plaintiff has not produced any medical evidence to support his argument. Moreover, plaintiff has wasted this court's time and defendants' counsel's time. It is clear to the court that plaintiff never intended to take the depositions scheduled by the court. See Docket No. 85-1 (showing that plaintiff emailed defense counsel less than 24 hours following the court's hearing indicating that he intended to cancel all of his depositions). Further, given the above circumstances, the court finds that plaintiff has abused the discovery process and should be sanctioned for his actions. See Fed. R. Civ. P. 37; see also Lee v. Max Intern., LLC, 638 F.3d 1318, 1320 (10th Cir. 2011) (stating that "district courts enjoy 'very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial'") (quoting In re Baker, 744 F.2d 1438, 1440 (10th Cir. 1984)). Accordingly, the court orders that plaintiff has forfeited the ten depositions afforded to him in the Scheduling Order.

Plaintiff's motion is DENIED as to his request to increase the number of Requests for Production (from 25 to 125) and Requests for Admission (from 50 to 200). Given the nature of this case, the number of requests originally set in the Scheduling Order is more than adequate. Moreover, the court already ruled on this issue at the May 15, 2013 hearing. The court finds that plaintiff has demonstrated no reason for the court to reconsider its previous order.

Date: May 31, 2013