IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

Plaintiff,

v.

THE UNIVERSITY OF WYOMING, et al.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion for Sanctions due to Defendants' Spoilation of Crucial Evidence (Docket No. 93) is DENIED for the following reasons. Federal courts have the inherent authority to impose sanctions for spoliation of evidence.  Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1419 (10th Cir. 1997).  Only the bad faith loss or destruction of evidence will support the relief plaintiff seeks.  See Jordan F. Miller Corp. v. Mid-Continent Aircraft Servs., 139 F.3d 912 (Table), 1998 WL 68879 (10th Cir. Feb. 20, 1998) (citing Aramburu v. Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997)).  "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." Aramburu, 112 F.3d at 1407.

Here, the court finds that plaintiff has failed to establish bad faith on the part of defendants.  Plaintiff has failed to produce any evidence that anyone destroyed evidence after this suit was filed in September 2012, or after plaintiff's termination from the program in 2011.  As to records destroyed prior to this time, the fact that professors may not have retained test results or examinations does not in and of itself support an inference of bad faith; plaintiff provides no evidence to support such an inference. Rather, it appears to be nothing more than the routine, good-faith practice of the professors in dealing with their daily classroom paperwork.  At worst, it is nothing more than mere negligence.  Accordingly, the subject motion is denied.

Date: November 6, 2013