**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

      Plaintiff,

v.

THE UNIVERSITY OF WYOMING,
THE UNIVERSITY OF WYOMING COLLEGE OF HEALTH SCIENCES,
THE UNIVERSITY OF WYOMING SCHOOL OF PHARMACY,
TOM BUCHANAN, in his official and individual capacity,
NELL RUSSELL, in her official and individual capacity,
JOSEPH F. STEINER, in his official and individual capacity,
DAVID L. JONES, in his official and individual capacity,
JOHN H. VANDEL, in his official and individual capacity,
BEVERLY A. SULLIVAN, in her official and individual capacity,
JAIME R. HORNECKER,
JANELLE L. KRUEGER, in her official and individual capacity,
CARA A. HARSHBERGER, in her official and individual capacity,
AMY L. STUMP, in her official and individual capacity,
AGATHA CHRISTIE NELSON, in her official and individual capacity,
KATHLEEN A. THOMPSON, in her official and individual capacity, and
MARIA A. BENNET, in her official and individual capacity,

      Defendants.

---

**ORDER OVERULING PLAINTIFF'S OBJECTION**
**TO MAGISTRATE JUDGE WATANABE'S ORDER SANCTIONING AND**
**DENYING THE PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER**
**(ECF NO. 94)**

---

THIS MATTER is before the Court on Plaintiff's Objection to Magistrate Judge

Watanabe's Order Sanctioning and Denying the Plaintiff's Motion to Amend Scheduling Order

("Objection") (ECF No. 94).  Upon consideration of the Plaintiff's Objection, Defendants'

Response, Plaintiff's Reply, the Court's file, and the applicable rules and law, the Plaintiff's

Objection is overruled and requested relief is denied for the reasons stated herein.

## I. OVERVIEW

Plaintiff, appearing *pro se*, filed this action alleging fourteen claims for relief against

sixteen defendants. Generally, Plaintiff alleges Defendants engaged in various wrongful actions

leading up to and ultimately resulting in Plaintiff's termination as a student in the pharmacy

program at Defendant University of Wyoming School of Pharmacy. Based on the Court's

adoption of the Magistrate Judge's recommendation on a motion to dismiss filed by Defendants,

Plaintiff's twelfth claim for relief was dismissed entirely and certain other claims were dismissed

against the entity defendants and the individual defendants in their official capacities. (ECF Nos.

71 & 83.)

For review now is the Plaintiff's Objection to the Magistrate Judge's Order (ECF No. 87)

concerning certain pretrial matters. The Order at issue ruled on "Plaintiff's Uncontested Motion

to Cancel Court Scheduled Depositions and Contested Motion to Reconsider the Court's Order

Denying the Plaintiff's Motion to Amend the Scheduling Order" ("Motion") (ECF No. 84). In

that Order, the Magistrate Judge: (1) granted Plaintiff's unopposed request to cancel his ten

depositions, which had been scheduled with the Magistrate Judge's assistance during a hearing

held on May 15, 2013 (ECF No. 82); (2) sanctioned Plaintiff for cancelling the depositions by

ordering the forfeiture of his ten depositions; and (3) denied Plaintiff's request to increase the

number of request for production ("RFP") (from 25 to 125) and request for admission ("RFA")

(from 50 to 200), finding the number as set forth in the Scheduling Order (ECF No. 47) was

adequate, that the Magistrate Judge had previously ruled on the issue at the May 15, 2013

hearing, and Plaintiff had demonstrated no reason for a reconsideration of that previous ruling.

Although requested by neither Plaintiff nor Defendants (ECF No. 98, page 4), the Order also

cancelled the Defendants' requested deposition of Plaintiff.

Plaintiff's Objection seeks the following relief: (1) vacating the Order; (2) recusing the

Magistrate Judge; (3) granting Plaintiff's Motion for Leave to File his First Amended Complaint

(ECF No. 51); (4) vacating the Magistrate's Recommendation as to Plaintiff's twelfth claim and

this Court's Order dismissing such claim (ECF Nos. 71 & 83); and (5) allowing the parties to

serve 120 RFAs and 100 RFPs.

## II.   ANALYSIS

### A.   Plaintiff's Objections as to Matters Beyond that Covered in the Order.

Plaintiff's Objection contests, and requests relief regarding, not only the matters

addressed in the Order but also other matters.  Such other matters, not being ruled upon in the

Order, are not properly before this Court.  The Court would note, however, the other matters

include, for example, orders which Plaintiff had an opportunity to challenge but did not,[1] and the

time to do so has expired.  The Court will not entertain a challenge now.  Accordingly, the Court

will neither consider those objections, nor Plaintiff's request to grant his Motion for Leave to file

his First Amended Complaint (ECF No. 51), which was previously denied by Order dated

February 13, 2013 (ECF No. 57), to which no timely objection was made; or to vacate the

Magistrate Judge's Recommendation (ECF No. 71) of dismissal of Plaintiff's twelfth claim, to

---

[1] Being mindful that Plaintiff proceeds *pro se, e.g., Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007), the Court carefully considered the Objection and noted Plaintiff did not argue that he was unaware he could object or otherwise provide any reason why an objection could not be filed earlier.  Instead, for example, Plaintiff stated the Magistrate Judge's alleged errors were "obvious."

which no timely objection was made, or this Court's subsequent Order dismissing such claim (ECF No. 83).

**B.      Plaintiff's Objections as to Matters Covered in the Order.**

Plaintiff raises two arguments directed at the Order.  First, Plaintiff contends ordering the forfeiture of the ten depositions was an abuse of discretion, clearly erroneous and contrary to law.  Second, Plaintiff asserts the Magistrate Judge applied a double standard when he denied Plaintiff's request to amend the Scheduling Order to increase the number of RFPs and RFAs but thereafter granted Defendants' motion to extend the page limitations for filing a motion to dismiss.  (ECF Nos. 87 & 90.)  The Court will address each argument in turn.

**1.      The Discovery Sanction.**

First, while the sanction may appear at first glance to be severe, the facts show the Order was not an abuse of discretion, clearly erroneous, or contrary to law.  In this case, Plaintiff filed a motion to compel depositions (ECF No. 73), after the parties could not reach an agreement for scheduling them.  The Magistrate Judge scheduled a hearing but warned the parties about possible consequences should they be unable to reach an agreement.  On the afternoon of May 15, 2013, the Magistrate Judge held a hearing on the Plaintiff's motion to compel and, as the parties could not agree, set a deposition schedule in open court.  (ECF No. 82.)  The depositions of Plaintiff and ten Defendants were set to be taken from June 17 to July 1, 2013, at this Court's Courthouse.  The out-of-state defendant deponents were ordered to travel to Colorado as an accommodation to Plaintiff.  The Magistrate Judge also advised Plaintiff that the party noticing the deposition was responsible for all costs associated with such deposition, and that if a court

reporter did not appear for a scheduled deposition, Plaintiff "may" be ordered to pay fees and expenses.  (ECF No. 82.)

Thereafter, on the morning of May 16, 2013, less than 24 hours after the Magistrate Judge assisted the parties in setting the depositions, Plaintiff sent Defendants an email, stating "I am going to file a motion to cancel all of my [ten] depositions."  (ECF No. 85-1.)  No reason was given.

On May 30, 2013, Plaintiff moved to cancel the ten depositions he requested, stating that: (1) medical reasons required him to avoid highly stressful situations such as conducting ten depositions over two weeks.; and (2) he would be unable to pay for fees and expenses should a court reporter fail to appear for scheduled depositions for reasons over which Plaintiff had no control.  Plaintiff provided no information about his medical condition for the Magistrate Judge to evaluate or otherwise any evidence to support the existence of such medical condition, such as a doctor's note.  (ECF No. 84.)  Based on the record before the Magistrate Judge, including the lack of any documentation to support Plaintiff's health concerns, he cancelled all the depositions and sanctioned Plaintiff for abusing the discovery process.

In his Objections before this Court, Plaintiff repeats the same arguments made before the Magistrate Judge.  Although Plaintiff has fully had the opportunity to do so, he still has provided no documentation, or other evidence, to support his contention that taking the depositions as scheduled would pose potentially "fatal health risks" to him.[2]  Plaintiff's bare assertion is simply

---

[2] The Court notes that Plaintiff's initial proposed schedule for depositions set them almost continuously for four weeks.  (ECF No. 36 & Exhibit C thereto.)

insufficient, and the Magistrate Judge's Order (ECF No. 87) so notified Plaintiff.[3]

Similarly unavailing is Plaintiff's asserted concern that he would be forced to pay fees and expenses should a court reporter fail to appear due to no fault on his part. The Order provided notice to Plaintiff concerning the taking of the depositions, including when fees and expenses "may" be imposed. There is no indication that fees would be assessed should a court reporter fail to appear due to no fault of Plaintiff. Plaintiff's concern that he – and not Defendants – was "warned" (advised) of the possible assessment of fees is misplaced. Plaintiff appears *pro se*. Warning should be unnecessary to represented parties as counsel ought to be well aware of the applicable rules and procedures governing depositions.

Finally, Plaintiff contends a double standard was applied because he was sanctioned for cancelling his depositions while Defendants were not sanctioned for cancelling Plaintiff's deposition. Defendants, however, never requested Plaintiff's deposition be cancelled. (ECF No. 98, page 4.)[4] Accordingly, no double standard has been shown.

It is well established that the courts have very broad discretion to issue sanctions where necessary to insure the sound management of the preparation of cases for trial. *See, e.g., Lee v. Max Int'l, LLC.*, 638 F.3d 1318, 1320 (10th Cir. 2011); *Villa v. Dona Ana County*, No. 11-2227, 500 Fed.Appx. 790, 791, 2012 WL 5351595, at *1 (10th Cir. October 31, 2012). Based on the forgoing, the Court finds no abuse of discretion in ordering the forfeiture of the ten depositions. The Court also finds the Order was not clearly erroneous or contrary to law. *See, e.g., National*

---

[3] The Court notes that Plaintiff's Motion to Cancel requested no alternate timing for the taking of the ten depositions. Indeed, Plaintiff's statement in support of his request for more RFAs ("since the Plaintiff would not have any deposition") and concomitant request to "cancel" rather than reschedule, appeared to indicate he did not wish to take them. (ECF No. 84, page 7.)
[4] Although the Magistrate Judge did so, Defendants filed no objection to such cancellation and there is no requirement that they take Plaintiff's, or any other person's, deposition.

*Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976) (dismissal of action proper for failure to comply with discovery order); *Lee v. Max Int'l, LLC., supra* (dismissal proper for discovery violations).

### 2.      The Denial of Amendment to the Scheduling Order.

Plaintiff's Motion also requested an amendment to the Scheduling Order to increase the number of RFPs and RFAs, which the Magistrate Judge denied.  Plaintiff contends the Magistrate Judge mentioned in the May 15, 2013 hearing that Plaintiff would not need to increase the number of RFAs because he had scheduled ten depositions.  In requesting the Magistrate Judge to reconsider, he argued an increase would now be justified because he was not going to have any depositions.  The Magistrate Judge found Plaintiff's request was considered and ruled upon on May 15, 2013, and that he demonstrated no reason for a reconsideration of the earlier decision.  This Court agrees.

Plaintiff's reconsideration request is based on his cancellation of his depositions, which was found to be an abuse of the discovery process.  Plaintiff's unilateral action, however, cannot serve as a basis to grant his request.  Further, to allow additional RFAs or RFPs on this basis would – essentially – be rewarding Plaintiff for his discovery abuse or otherwise render the sanction meaningless.

Finally, Plaintiff contends the Magistrate Judge erred in the first instance as he applied a double standard, finding the number of discovery requests allowed adequate in light of the nature of the case, but finding 15 pages for a motion to dismiss were inadequate in light of the lengthiness of the complaint, the complexity/number of claims, and the number of defendants.

7

Plaintiff, however, is comparing apples to oranges.  What may be adequate must be viewed in light of the activity/action in question.  The Court finds no double standard was applied.  Accordingly, the Court finds the denial of the requested written discovery was not an abuse of discretion, clearly erroneous or contrary to law.

### C.      Plaintiff's Request for Recusal of the Magistrate Judge.

Also in the Objection, Plaintiff requests this Court to order the recusal of the Magistrate Judge, arguing he applied a double standard in his rulings and was biased against Plaintiff.  Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Similarly, under § 455(b)(1), a magistrate judge should also be disqualified if he has a personal bias or prejudice concerning a party.

"[A] judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient *factual grounds* exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (emphasis added).  The issue is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quotation omitted); *Cooley,* 1 F.3d at 993.  The standard is purely objective.  *See Nichols,* 71 F.3d at 350; *Cooley,* 1 F.3d at 993; *Scott v. Rubio*, No. 12-2063, 516 Fed.Appx. 718, 722, 2013 WL 410865, at *3 (10th Cir. Feb. 4, 2013).  "The

8

statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993; *Nichols*, 71 F.3d at 351.   The decision to recuse is committed to the sound discretion of the district court.   *Cooley,* 1 F.3d at 994; *Phillips v. The Pepsi Bottling Group*, No. 08-1003, 373 Fed.Appx. 896, 898, 2010 WL 1619259, *2 (10th Cir. April 22, 2010) (discussing § 455(b)(1)).

Plaintiff argues the Magistrate Judge has evinced bias or lack of impartiality, relying on adverse rulings from December 2012/January 2013, relating to the proposed scheduling order, and thereafter.   But, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted); *Rubio*, 516 Fed.Appx. at 723.   Moreover, motions for recusal must be promptly filed.   *Green*, 108 F.3d at 1305; *Rubio*, 516 Fed.Appx. at 723.   Here, much of the complained of conduct occurred months before Plaintiff requested recusal in his Objection.   Further, an examination of the rulings complained of shows no facts to suggest bias or that the Magistrate Judge's impartiality might reasonably be questioned.   Instead, for example, Plaintiff's complaints arise from adverse rulings which he asserts were obvious or plain errors, but to which he filed no timely objection, or from the alleged errors in the Order at issue which the Court has addressed above.   Based on the foregoing, it is

ORDERED that Plaintiff's Objection (ECF No. 94) to the Order (ECF No. 87) is OVERRULED;

FURTHER ORDERED that Plaintiff's request for recusal of Magistrate Judge Michael J. Watanabe is DENIED; and

FURTHER ORDERED that Plaintiff's other requests for relief are DENIED.

DATED this 5th day of May, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge