# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

     Plaintiff,

v.

THE UNIVERSITY OF WYOMING,
THE UNIVERSITY OF WYOMING COLLEGE OF HEALTH SCIENCES,
THE UNIVERSITY OF WYOMING SCHOOL OF PHARMACY,
TOM BUCHANAN, in his official and individual capacity,
NELL RUSSELL, in her official and individual capacity,
JOSEPH F. STEINER, in his official and individual capacity,
DAVID L. JONES, in his official and individual capacity,
JOHN H. VANDEL, in his official and individual capacity,
BEVERLY A. SULLIVAN, in her official and individual capacity,
JAIME R. HORNECKER,
JANELLE L. KRUEGER, in her official and individual capacity,
CARA A. HARSHBERGER, in her official and individual capacity,
AMY L. STUMP, in her official and individual capacity,
AGATHA CHRISTIE NELSON, in her official and individual capacity,
KATHLEEN A. THOMPSON, in her official and individual capacity, and
MARIA A. BENNET, in her official and individual capacity,

     Defendants.

---

## ORDER DENYING MOTION TO RECUSE (ECF NO. 139)

---

     THIS MATTER is before the Court on "Plaintiff's Motion to Request [Magistrate] Judge Watanabe and U.S. District Judge Moore [Recuse] Themselves from this Case" ("Motion") (ECF No. 139).  Upon consideration of the Plaintiff's Motion, Defendants' Response,[1] Plaintiff's

---

[1] Plaintiff asserts Defendants' Response violates the Federal Rules of Civil Procedure and the Local Rules of Practice in a number of respects.  Defendants' Response, however, was primarily addressed to Plaintiff's unsupported allegation discussed in footnote 2, *infra*.  Accordingly, whether Defendants' Response violated any rules is not material to the merits of Plaintiff's Motion.

Reply, the Court's file, and the applicable rules and law, the Plaintiff's Motion is denied for the reasons stated herein.

## I.  OVERVIEW

Plaintiff, appearing *pro se*, filed this action seeking relief based on Defendants' alleged wrongful actions resulting in Plaintiff's termination as a student in the pharmacy program at Defendant University of Wyoming School of Pharmacy.  Upon my appointment to the bench effective May 1, 2013, pending cases, including this case which was then currently before the Honorable William J. Martinez, were randomly reassigned to me as the presiding judge.

After this case was reassigned, this Court adopted the Recommendation of Magistrate Judge Michael J. Watanabe, on a motion to dismiss filed by Defendants, and dismissed Plaintiff's twelfth claim for relief entirely and certain other claims against the entity defendants and the individual defendants in their official capacities.  (ECF Nos. 71 & 83.)

Subsequently, the Magistrate Judge issued several other orders and a recommendation on motions filed by Plaintiff or Defendants, to which Plaintiff has objected in whole or in part. Plaintiff also filed motions which are pending for consideration before this Court, including the instant Motion seeking the recusal of the Magistrate Judge and this Court.[2]

## II.  ANALYSIS

### A.    Recusals.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

---

[2] In the Motion, without any evidentiary support, Plaintiff accused Defendants of being his "enemy" and allegedly taking actions which threaten his safety.  While the Court is mindful that Plaintiff proceeds *pro se*, no party may make unfounded, offensive, abusive, fraudulent or inflammatory accusations against opposing party or counsel. Such conduct will not be condoned and may subject that party to sanctions.  *See* Fed.R.Civ.P. 11(c)(3); *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (discussing the court's inherent authority to issue sanctions); *Nunn v. Kastner,* No. 13-6186, 541 Fed.Appx. 820, 824 (10th Cir. Sept. 24, 2013) (acknowledging court's inherent authority).

2

questioned."  The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Similarly, under § 455(b)(1), a judge or magistrate judge should also be disqualified if he has a personal bias or prejudice concerning a party.

"[A] judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient *factual grounds* exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (emphasis added).  The issue is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quotation omitted); *Cooley,* 1 F.3d at 993.  The standard is purely objective.  *See Nichols*, 71 F.3d at 350; *Cooley,* 1 F.3d at 993; *Scott v. Rubio*, No. 12-2063, 516 Fed.Appx. 718, 722, 2013 WL 410865, at *3 (10th Cir. Feb. 4, 2013).  "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *Cooley*, 1 F.3d at 993; *Nichols*, 71 F.3d at 351.  The decision to recuse is committed to the sound discretion of the district court.  *Cooley,* 1 F.3d at 994; *Phillips v. The Pepsi Bottling Group*, No. 08-1003, 373 Fed.Appx. 896, 898, 2010 WL 1619259, at *2 (10th Cir. April 22, 2010) (discussing § 455(b)(1)).

**B.     Plaintiff's Request for Recusal of the Magistrate Judge.**

Plaintiff requests the recusal of the Magistrate Judge, arguing he issued orders favorable to Defendants' motions, without waiting for responses from Plaintiff; with one exception, he denied all of Plaintiff's motions; he ruled on Defendants' motions promptly but not on Plaintiff's motion (ECF No. 95) and has not yet ruled on Plaintiff's motion to exceed page limitation (ECF

No. 96); and his orders and recommendation are clearly erroneous, contrary to law, prejudicial and/or otherwise improper.  Plaintiff asserts the Magistrate Judge's alleged conduct evinces deliberate, egregious and serious lawlessness, and a personal prejudice against Plaintiff.  The Court has reviewed each one of the Magistrate Judge's rulings, along with all associated papers, including any objections by Plaintiff.  Contrary to Plaintiff's position, the Court's review of the papers of which Plaintiff complains shows no support for Plaintiff's assertions or any grounds for the recusal of the Magistrate Judge.

First, Plaintiff's arguments are, for the most part, based on the Magistrate Judge's adverse rulings, which Plaintiff contends are erroneous, dating as far back as December 2012/January 2013.  Those rulings, while adverse, are simply that and nothing more.[3]  As this Court previously held in its Order dated May 5, 2014,[4] addressing Plaintiff's earlier request for recusal of the Magistrate Judge, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted); *Rubio*, 516 Fed.Appx. at 723.  Motions for recusal must also be filed promptly.  *Green*, 108 F.3d at 1305; *Rubio*, 516 Fed.Appx. at 723.  As such, these rulings do support a finding of lack of impartiality, or personal bias or prejudice against Plaintiff.

Next, as for Plaintiff's "timeliness" argument – that the Magistrate Judge swiftly addressed Defendant's motions, and without awaiting Plaintiff's responses, but did not do so with respect to Plaintiff's motions – that, too, fails.  Aside from the questionable promptness in which Plaintiff raised this contention, the Magistrate Judge was not required to wait for a

---

[3] By this statement, the Court is not expressing any opinion as to the merits of the motions to which the rulings are addressed or the merits of Plaintiff's objection to such rulings.  Those rulings and Plaintiff's objections thereto will be addressed in separate orders from this Court.
[4] That discussion (ECF No. 144) is incorporated herein by reference.

response before he ruled on any motion.  *See* D.C.COLO.L.CivR 7.1(d).[5]  Further, the motions

filed by Defendants were substantially different from that filed by Plaintiff.  For example,

Defendants' motions which Plaintiff questioned were short and requested leave to file pages in

excess of that otherwise allowed[6] or to extend deadlines in the scheduling order.  Plaintiff's

motion complained of, however, dealt with a motion to compel discovery containing ten

supporting exhibits.[7]  (ECF No. 95.)  The Magistrate Judge denied that motion without prejudice,

with leave to refile, to which Plaintiff did not object.  (ECF No. 137.)  No lack of timeliness, or

lack of impartiality, personal bias or prejudice has been shown in the record.  In summary, the

Court finds no facts or information to suggest bias or prejudice by the Magistrate Judge or that

his impartiality might reasonably be questioned.

### C.    Plaintiff's Request for Recusal of this Court.

Plaintiff also requests the recusal of this Court, arguing that it has refused to respond to or

review Plaintiff's timely objections to rulings by the Magistrate Judge.  Plaintiff argues this

shows the Court would not possibly be impartial.  There are a number of factors which do not

merit disqualification, including alleged delay rulings from the Court.  "[T]he [is] no authority

for the proposition that the time and manner of the judge's ruling creates a reasonable doubt

about impartiality, absent any other indicia of bias or partiality."  *Estate of Bishop v. Equinox*

*Intern. Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) (quotation and alteration omitted); *see also*

*Kennedy v. Meacham*, 540 F.2d 1057, 1060 (10th Cir. 1976); *United States v. Wilson,* No. 13-

1468, 2014 WL 323392, at *1 (10th Cir. Jan. 30, 2014).  Plaintiff relies on no other basis to

---

[5] Formerly 7.1C.

[6] The scope of that request and the relief granted are at issue and will be addressed in a separate order.

[7] Plaintiff also raised the timeliness of addressing his request for leave to file a response brief in excess of the page
limitations, but that request is an alternate form of relief in his "Objection to Magistrate Judge Watanabe's Order
Granting [Defendants'] Motion to Exceed the Page Limitation Set forth in Civil Practice Standard IV.B.2 and
Motion to Strike Defendants' Second Rule 12 Motion."  (ECF No. 96, page 12.)  Accordingly, that issue is before
this Court, not the Magistrate Judge.

support his contention of bias or partiality, and that which is alleged provides no reasonable

factual or legal basis for calling into question the Court's impartiality.

### III.  CONCLUSION

Neither the Magistrate Judge's denials of Plaintiff's motions, the granting of Defendants'

motions, nor any action asserted show any factual or legal basis to support the recusal of the

Magistrate Judge.  Each of Plaintiff's objections and the parties' motions has been reviewed and

will be decided.  That such objections or motions are not heard as quickly as Plaintiff would like

does not serve as a basis for the recusal of this Court.[8]

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Recuse (ECF No. 139) is DENIED.

DATED this 6th day of May, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[8] The Court notes that in his Reply, Plaintiff improperly attempts to use the Motion as a vehicle to request that he be allowed to designate additional expert witnesses.  Such belated request, made in the prayer for relief, is unsupported and, therefore, denied.  (ECF No. 142, page 10.)