**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

Plaintiff,

v.

THE UNIVERSITY OF WYOMING,
THE UNIVERSITY OF WYOMING COLLEGE OF HEALTH SCIENCES,
THE UNIVERSITY OF WYOMING SCHOOL OF PHARMACY,
TOM BUCHANAN, in his official and individual capacity,
NELL RUSSELL, in her official and individual capacity,
JOSEPH F. STEINER, in his official and individual capacity,
DAVID L. JONES, in his official and individual capacity,
JOHN H. VANDEL, in his official and individual capacity,
BEVERLY A. SULLIVAN, in her official and individual capacity,
JAIME R. HORNECKER,
JANELLE L. KRUEGER, in her official and individual capacity,
CARA A. HARSHBERGER, in her official and individual capacity,
AMY L. STUMP, in her official and individual capacity,
AGATHA CHRISTIE NELSON, in her official and individual capacity,
KATHLEEN A. THOMPSON, in her official and individual capacity, and
MARIA A. BENNET, in her official and individual capacity,

Defendants.

---

**ORDER ON**
**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE WATANABE'S ORDER GRANTING [DEFENDANTS'] MOTION TO EXCEED THE PAGE LIMITATION SET FORTH IN CIVIL PRACTICE STANDARD IV.B.2 AND MOTION TO STRIKE DEFENDANTS' SECOND RULE 12 MOTION (ECF NO. 96)**

---

THIS MATTER is before the Court on "Plaintiff's Objection to Magistrate Judge Watanabe's Order Granting [Defendants'] Motion to Exceed the Page Limitation Set forth in Civil Practice Standard IV.B.2 and Motion to Strike Defendants' Second Rule 12 Motion" ("Objection") (ECF No. 96): (1) objecting to Magistrate Judge Michael J. Watanabe's Minute

Order ("Order") of June 10, 2013 and requesting Defendants' second Rule 12 Motion to Dismiss ("Motion to Dismiss") (ECF No. 91) be stricken; (2) if the Motion to Dismiss is not stricken, requesting leave to file an 80-page response brief and an additional 21 days to do so; and (3) requesting the recusal of the Magistrate Judge. Upon consideration of the Plaintiff's Objection, Defendants' Response, Plaintiff's Reply, the Court's file, and the applicable rules and law, and for the reasons stated herein, the Objection is OVERRULED; request to strike the Motion to Dismiss is DENIED; request to file response brief in excess of the page limitations and for an extension of time is GRANTED, IN PART; and request for recusal is DENIED.

## I. OVERVIEW

Plaintiff, appearing *pro se*, filed this action seeking relief based on Defendants' alleged wrongful actions resulting in Plaintiff's termination as a student in the pharmacy program at Defendant University of Wyoming School of Pharmacy. On February 8, 2013, Defendants filed their first motion to dismiss under Rule 12(b), Fed.R.Civ.P., requesting that certain claims be dismissed. (ECF No. 49.) Based on the Court's adoption of the Magistrate Judge's recommendation on the motion to dismiss, Plaintiff's twelfth claim for relief was dismissed entirely and certain other claims were dismissed against the entity defendants and the individual defendants in their official capacities. (ECF Nos. 71 & 83.) No timely objection was filed to the Magistrate Judge's recommendation.

Thereafter, by Motion to Exceed the Page Limitation Set Forth in Civil Practice Standard IV.B.2 ("Motion to Exceed") (ECF No. 88), Defendants requested leave to file a motion to dismiss all remaining claims. Defendants recognized this Court's Civil Practice Standards at IV.L.2.b. stated that requests for relief under Rule 12(b) must be brought in a single motion, but

at IV.B.1[1] stated that if a party elects to file more than one Rule 12(b) motion, the opening and response briefs shall not exceed 15 pages total for all such motions, and so notified the Magistrate Judge. Defendants also notified the Magistrate Judge that they had previously filed a motion to dismiss. Relying on assertions concerning the lengthiness of the Complaint, the number of issues involved, the number of Defendants, and the complexity of the claims, Defendants requested leave to file a motion to dismiss all remaining claims, not to exceed 50 pages. The Magistrate Judge found good cause and, in the Order, granted Defendants' Motion to Exceed and allowed them leave to file a motion to dismiss up to 50 pages in length. Defendants thereafter filed their Motion to Dismiss, consisting of 49 pages. (ECF No. 91.) Plaintiff's Objection to that Order followed and is now before the Court.

## II. ANALYSIS

### A. Plaintiff's Objection to the Order and Motion to Strike.

Plaintiff argues the Order should be vacated because the Motion to Exceed and Order lack clarity as to whether they are addressing leave to file a second Rule 12 motion and/or to file a Rule 12 motion which exceeds the page limitations in the Civil Practice Standards.[2] While the Court agrees that Defendants' Motion to Exceed could have been clearer, it unmistakably notified the Magistrate Judge of the facts material for his determination of whether to allow the Motion to Dismiss, *i.e.*, the fact that one motion to dismiss had already been filed, the applicable Civil Practice Standards, and what Defendants wished to file and within how many pages. The

---

[1] Defendants inadvertently referred to Civil Practice Standards IV.B.2, but quoted correctly from IV.B.1, on which they relied.

[2] Plaintiff also argues the Motion to Exceed and Order lack clarity because both refer to Civil Practice Standards IV.B.2 (covering summary judgment briefs) when they address motions to dismiss. These inadvertent references to the incorrect section are harmless where it is abundantly clear the Motion to Exceed and Order address a motion to dismiss. *See also* footnote 1, *supra*.

Order plainly allowed Defendants to file a Motion to Dismiss all Remaining Claims, up to 50 pages, and Defendants filed such a motion.

Next, Plaintiff asserts he is prejudiced by the Order because it was entered before he had an opportunity to file a response presenting his position. The Magistrate Judge, however, may rule on a motion any time after it is filed. *See* D.C.COLO.LCivR 7.1(d) (formerly 7.1C). Plaintiff's other arguments of prejudice, such as the Magistrate Judge's denial of Plaintiff's Motion for Leave to File his First Amended Complaint, are irrelevant to the issue of whether the Order may be sustained.

Finally, Plaintiff argues the Motion to Dismiss should be stricken as untimely or noncomplying as Defendants: (1) filed a second Rule 12 motion without leave; (2) failed to confer with Plaintiff prior to filing to determine if any defect may be cured by amendment, as required under the Civil Practice Standards; and (3) violated Rules 8, 12(b) and 12(e), Fed.R.Civ.P.[3] Such arguments are without merit.

First, the Order clearly allowed Defendants to file the Motion to Dismiss. Next, Defendants filed a statement in their Motion to Dismiss setting forth how they complied with the Civil Practice Standards, which statement the Court finds sufficient. Finally, the Court finds no support for Plaintiff's contention that Defendants violated Rule 8, which generally covers pleadings, and not motions; or Rule 12(e), which covers motions for more definite statements. As for Rule 12(b), Plaintiff is correct that motions asserting certain defenses generally must be made before pleading if a responsive pleading is allowed. However, where such motions are

[3] Plaintiff also argues the Motion to Dismiss should be stricken based on Defendants' alleged refusal to participate in discovery (ECF No. 95) and spoliation of evidence (ECF No. 93). Plaintiffs' Motion to Compel (ECF No. 95) has been denied without prejudice, to which no timely objection has been filed. (ECF No. 137.) Moreover, such discovery dispute is irrelevant to a motion to dismiss. Plaintiff's Motion for Sanction based on Defendants' alleged spoliation of evidence is similarly irrelevant and will be addressed in a separate order.

filed after pleadings are closed, if otherwise proper, they may generally be treated as motions for judgment on the pleadings under Rule 12(c), with the same standard as that applied in evaluating motions under Rule 12(b)(6).[4] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002); Fed.R.Civ.P. 12(h). Accordingly, the Order is neither clearly erroneous nor contrary to law, the Magistrate Judge abused no discretion in granting the Motion to Exceed, and Plaintiff has shown no basis for striking the Motion to Dismiss.

**B. Plaintiff's Request for Permission to Exceed the Page Limitation and to Extend Time for Filing His Response.**

Plaintiff requests leave to file an 80-page response and for an extension of time to do so, if this Court denies Plaintiff's motion to strike Defendants' Motion to Dismiss. At the time of Plaintiff's request, Defendants had no objection to Plaintiff filing a 50-page response. (ECF No. 103, page 8.) The Court notes that, as part of Plaintiff's objection to the Magistrate Judge's Recommendation on the Motion to Dismiss, Plaintiff filed a 51-page "Objection to Defendants' 2nd Rule 12(b)(6) Motion to Dismiss" ("Response")[5] (ECF No. 128-1), responding to Defendants' Motion to Dismiss. In light of this record, and finding sufficient good cause, Plaintiff's request to file a response is granted as to 51 pages and his Response is accepted as filed and will be considered in determining the merits of Defendants' Motion to Dismiss.

**C. Plaintiff's Request for Recusal of the Magistrate Judge.**

Plaintiff has requested the recusal of the Magistrate Judge on more than one occasion. As fully addressed in the Court's Orders dated May 5 and 6, 2014 (ECF Nos. 144 & 145), which discussions concerning Plaintiff's requests for recusal of the Magistrate Judge are incorporated

[4] The Recommendation on the Motion to Dismiss appears to be based on Rule 12(b)(6), Fed.R.Civ.P. (ECF No. 125, pages 3-4.)

[5] The Court recognizes Defendants contend Plaintiff's Response is improper, untimely and moot. (ECF No. 130, page 2.) In light of Plaintiff's then pending requests to exceed page limitation and for enlargement of time, and this Court's order as stated herein, it is not.

herein by this reference, the Court finds no legal or factual basis for the Magistrate Judge's recusal. Such relief is therefore denied.

Based on the foregoing, it is

ORDERED that Plaintiff's Objection (ECF No. 96) requesting the Order (ECF No. 90) be vacated is OVERRULED;

FURTHER ORDERED that Plaintiff's motion to strike Defendants' Motion to Dismiss (ECF No. 91) is DENIED;

FURTHER ORDERED that Plaintiff's request to file a response brief in excess of the page limitations is GRANTED up to 51 pages and request for extension of time to respond is GRANTED and Plaintiff's Response (ECF No. 128-1) is accepted as filed; and

FURTHER ORDERED that Plaintiff's request for recusal of Magistrate Judge Michael J. Watanabe is DENIED.

DATED this 13th day of May, 2014.

BY THE COURT:

______________________________
RAYMOND P. MOORE
United States District Judge