**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

    Plaintiff,

v.

THE UNIVERSITY OF WYOMING,
THE UNIVERSITY OF WYOMING COLLEGE OF HEALTH SCIENCES,
THE UNIVERSITY OF WYOMING SCHOOL OF PHARMACY,
TOM BUCHANAN, in his official and individual capacity,
NELL RUSSELL, in her official and individual capacity,
JOSEPH F. STEINER, in his official and individual capacity,
DAVID L. JONES, in his official and individual capacity,
JOHN H. VANDEL, in his official and individual capacity,
BEVERLY A. SULLIVAN, in her official and individual capacity,
JAIME R. HORNECKER,
JANELLE L. KRUEGER, in her official and individual capacity,
CARA A. HARSHBERGER, in her official and individual capacity,
AMY L. STUMP, in her official and individual capacity,
AGATHA CHRISTIE NELSON, in her official and individual capacity,
KATHLEEN A. THOMPSON, in her official and individual capacity, and
MARIA A. BENNET, in her official and individual capacity,

    Defendants.

**ORDER ON
PLAINTIFF'S MOTION TO VACATE [MAGISTRATE] JUDGE WATANABE'S
ORDER GRANTING DEFENDANTS' MOTION TO EXTEND THE DEADLINE FOR
DISPOSITIVE MOTIONS BY SIX MONTHS (ECF NO. 114)**

THIS MATTER is before the Court on Plaintiff's "Motion to Vacate [Magistrate] Judge Watanabe's Order Granting Defendants' Motion to Extend the Deadline for Dispositive Motions by Six Months" ("Motion to Vacate") (ECF No. 114). By Minute Order ("Order") dated

September 23, 2013 (ECF No. 112), the Magistrate Judge granted Defendants' Motion to Extend Deadline for Dispositive Motions ("Motion to Extend") (ECF No. 110), finding good cause due to Defendants' pending Motion to Dismiss (ECF No. 91).[1] Plaintiff's Motion to Vacate seeks to vacate the Order and recuse the Magistrate Judge. In support of his requests, Plaintiff argues the Magistrate Judge erred because the Motion to Extend violated several Federal rules, Local Rules and Civil Practice Standards; Defendants' Motion to Extend should have been stricken as scandalous as it was filed to deter Plaintiff from filing his motion for summary judgment; and the Magistrate Judge was biased and prejudiced against Plaintiff and treated him unfairly.[2] Each argument is addressed below.

    <u>The Alleged Violations of Rules and Practice Standards.</u>  First, Plaintiff made a vague reference to Rules 8 and 12(b), Fed.R.Civ.P., but failed to articulate how the Motion to Extend violated such Rules. As such, no error has been shown as to any claimed violation of such rules.

    Next, no violation of the Local Rules (D.C.COLO.LCivR), as it existed at the time the Motion to Extend was filed, has been shown sufficient to support the denial of that motion on the merits. Local Rule 6.1D was not violated as the information requested relates to the Motion to Extend, *i.e.,* whether previously extensions were granted for the dispositive motions deadline, not to requests for extensions of *other* deadlines. Although this information should have been disclosed within the Motion to Extend, it was nonetheless disclosed in Defendants' electronic

---

[1] Plaintiff also relies on the argument that the Motion to Dismiss (ECF No. 91) should have been stricken. That argument is moot in light of this Court's Order dated May 13, 2014 (ECF No. 146) denying Plaintiff's motion to strike.
[2] Plaintiff also incorporated his five motions then pending, without explanation as to how they support his arguments. Those motions have already been or will be separately addressed by the Court.

case filing. As such, while there was not strict compliance with Local Rule 6.1D, denial was not warranted under the Court's Civil Practice Standards.

Further, Local Rule 6.1E requires certification of service on the attorney's clients. While the Motion to Extend failed to do so, Defendants' attorney subsequently advised the Court that he had in fact provided a copy of the motion to Defendants. (ECF No. 117, page 4.) As such, any violation was cured.

While the Court agrees there was not strict compliance with the Local Rules, the record shows there was in fact compliance. As such, the Order granting the Motion to Extend was not an abuse of discretion, clearly erroneous or contrary to law.

The Alleged Scandalous Motion to Extend. Plaintiff also contends the Motion to Extend should have been stricken as "scandalous" because it was filed after he conferred about his intention to file a motion for summary judgment, to deter him from filing such motion. The Court finds no basis to support Plaintiff's position. The extension of the deadline did not – and does not – preclude Plaintiff from filing his motion for summary judgment; instead, it gave him additional time to do so, if he chose to do so.

The Request to Recuse the Magistrate Judge. Plaintiff argues the Order granting the Motion to Extend evidences the Magistrate Judge's personal bias against Plaintiff or favoritism toward Defendants. Plaintiff's argument is premised on the allegedly improperly filed "second" Motion to Dismiss (ECF No. 91), which he contends should have been stricken. This argument has already been rejected in this Court's Order dated May 13, 2014. (ECF No. 146.) Moreover, the Court has already addressed and denied Plaintiff's other requests for recusal (ECF Nos. 144-

146) and no information has been provided to show that such denials should be reconsidered or are erroneous.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Vacate (ECF No. 114) is DENIED; and

FURTHER ORDERED that Plaintiff's request to recuse Magistrate Judge Michael J. Watanabe is DENIED.

DATED this 13th day of May, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge