IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

      Plaintiff,

v.

THE UNIVERSITY OF WYOMING,
THE UNIVERSITY OF WYOMING COLLEGE OF HEALTH SCIENCES,
THE UNIVERSITY OF WYOMING SCHOOL OF PHARMACY,
TOM BUCHANAN, in his official and individual capacity,
NELL RUSSELL, in her official and individual capacity,
JOSEPH F. STEINER, in his official and individual capacity,
DAVID L. JONES, in his official and individual capacity,
JOHN H. VANDEL, in his official and individual capacity,
BEVERLY A. SULLIVAN, in her official and individual capacity,
JAIME R. HORNECKER,
JANELLE L. KRUEGER, in her official and individual capacity,
CARA A. HARSHBERGER, in her official and individual capacity,
AMY L. STUMP, in her official and individual capacity,
AGATHA CHRISTIE NELSON, in her official and individual capacity,
KATHLEEN A. THOMPSON, in her official and individual capacity, and
MARIA A. BENNET, in her official and individual capacity,

      Defendants.

**ORDER DENYING "PLAINTIFF'S OBJECTION/MOTION" (ECF NO. 173)**

THIS MATTER is before the Court on Plaintiff's Objection/Motion (ECF No. 173) objecting to previous orders and matters in this case. The Court has considered the Plaintiff's Motion, and reviewed the Court's files, including the numerous filings in this case raising the

same issues. The Court has also considered the applicable rules and laws. Upon such considerations, the Plaintiff's Motion is DENIED.

Plaintiff's Motion consists of arguments previously raised and found to be without merit by this Court, such as objections concerning orders issued by Magistrate Judge Michael J. Watanabe or actions of this Court. To consider such arguments again would be a waste of judicial resources and, accordingly, the Court will not do so. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) ("[F]ederal district courts have the inherent power to manage their business so as to achieve the orderly and expeditious disposition of cases.") (internal quotation marks omitted); *Pepe v. Koreny*, No. 99-1063, 1999 WL 686836, at * 2 (10th Cir. Sept. 3, 1999) (recognizing district courts have inherent authority to manage its docket). Plaintiff is advised that further filings on matters previously addressed by the Court may be stricken *sua sponte* and subject Plaintiff to sanctions.

Similarly, Plaintiff objects to the issuance of orders on motions before a response is filed. An examination of Plaintiff's papers shows his objections here, and in other filings, stem from his disagreement with orders issued in this case on motions he opposed. As Plaintiff has previously been advised (ECF No. 146, page 4), the Court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d); *Laratta v. Raemisch*, No. 12-cv-02079, 2014 WL 1237880, at *1 (D. Colo. March 26, 2014). Neither this Court nor the Magistrate Judge needed to wait for a response to evaluate the merits of motions requesting an extension of time or permission to exceed page limitations, such as those complained of by Plaintiff.

Plaintiff also raises arguments concerning the Magistrate Judge's Recommendation, but such arguments are specious in light of this Court's finding that the Recommendation is moot (ECF No. 164) and acceptance of Plaintiff's Response (ECF No. 128-1, No. 146) in determining Defendants' Motion to Dismiss. Plaintiff's assertions appear to be nothing more than an improper attempt to reargue his case. It is therefore

**ORDERED** that Plaintiff's Objection/Motion (ECF No. 173) is **DENIED**.

DATED this 6th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge