**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02383-RM-MJW

TEWODROS G. JEMANEH,

    Plaintiff,

v.

THE UNIVERSITY OF WYOMING,
THE UNIVERSITY OF WYOMING COLLEGE OF HEALTH SCIENCES,
THE UNIVERSITY OF WYOMING SCHOOL OF PHARMACY,
TOM BUCHANAN, in his official and individual capacity,
NELL RUSSELL, in her official and individual capacity,
JOSEPH F. STEINER, in his official and individual capacity,
DAVID L. JONES, in his official and individual capacity,
JOHN H. VANDEL, in his official and individual capacity,
BEVERLY A. SULLIVAN, in her official and individual capacity,
JAIME R. HORNECKER,
JANELLE L. KRUEGER, in her official and individual capacity,
CARA A. HARSHBERGER, in her official and individual capacity,
AMY L. STUMP, in her official and individual capacity,
AGATHA CHRISTIE NELSON, in her official and individual capacity,
KATHLEEN A. THOMPSON, in her official and individual capacity, and
MARIA A. BENNET, in her official and individual capacity,

    Defendants.

---

## ORDER DENYING
## PLAINTIFF'S OBJECTION AND MOTION TO RECONSIDER (ECF NO. 174)

---

THIS MATTER is before the Court on Plaintiff's Objection and Motion to Reconsider ("Motion") (ECF No. 174), requesting this Court to reconsider its prior orders which permitted Defendants to file a second Motion to Dismiss. Plaintiff's Motion is yet another request for this Court to strike or otherwise disregard Defendants' Motion to Dismiss (in whole or in part), and raises issues already addressed. First, the Court denied Plaintiff's objections to the filing of the

Motion to Dismiss by Order dated May 13, 2014 (ECF No. 146). Thereafter, Plaintiff filed a motion to reconsider on May 29, 2014 (ECF No. 152), which was denied by Order dated May 29, 2014 (ECF No. 155). Meanwhile, on May 22, 2014, Plaintiff filed his "First Set of Motion to Strike Defendant[s'] Qualified Immunity Defense" (ECF No. 150), moving to strike the defense from Defendants' amended answers and Motion to Dismiss. The Motion to Strike was also denied. (ECF No. 164.)

Plaintiff's current Motion is now before the Court. A "motion to reconsider is not at the disposal of parties who want to rehash old arguments." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (internal quotation marks omitted); *Foster v. Mountain Coal Co., L.L.C.*, No. 12-cv-03341, 2014 WL 3747074, at *3 (D. Colo. July 30, 2014). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256 (internal alterations and quotation marks omitted); *Foster*, 2014 WL 3747074, at *3. Plaintiff's Motion falls far short from meeting this standard. Instead, the Motion consists mainly arguments previously raised and rejected, such as the alleged improper reassignment of this case to this Court (ECF No. 145, page 2); the alleged violation of this Court's civil practice standards,[1] which standards Plaintiff has argued is ambiguous as to whether a second motion to dismiss may be allowed (ECF No. 174, pages 8, 9; No. 114, page 8, ¶27; No. 146, pages 2, 3); or the alleged violation of Rule 12 (ECF No. 146, pages 4, 5).[2] The other arguments, while "new," are insubstantial and without merit. For example, the Court's amendment of its practice standards in 2014 is irrelevant to the Motion to

---

[1] Plaintiff's reliance on the Honorable William J. Martinez's civil practice standards is misplaced as Defendants' Motion to Dismiss was filed after this case was randomly reassigned to this Court.
[2] The Court finds Plaintiff's Rule 12(g)(2) argument to be substantially the same as his other Rule 12 arguments, *i.e.*, that only one Rule 12 motion may be allowed.

Dismiss filed in 2013 and fails to provide any basis for reconsideration. Similarly, Plaintiff's contentions concerning the Magistrate Judge's order granting Defendants leave to file the Motion to Dismiss and Plaintiff's objection to such order, including the contention that this Court "apparently" rejected such order, are baseless (ECF No. 146). In summary, Plaintiff presents no new facts, laws or other matters warranting a reconsideration of this Court's previous orders. Plaintiff is advised that further objections to or other attacks concerning the allowance of Defendants' Motion to Dismiss based on arguments previously raised and rejected may be stricken *sua sponte* and may subject Plaintiff to sanctions. It is therefore

**ORDERED** that Plaintiff's Objection and Motion to Reconsider (ECF No. 174) is **DENIED**.

DATED this 6th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge